UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82436-CIV-MARRA

T&K CAPITAL, LLC, a Florida limited liability
company and JAY KATARI, an individual,

Plaintiff,

vs.

LILLEY INTERNATIONAL, LLC a Pennsylvania
Limited Liability Company,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Lilley International LLC's Motion to Dismiss the Complaint (DE 6). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On December 18, 2009, Defendant Lilley International, LLC ("Defendant") filed a Notice of Removal. (DE 1.)  The removed Complaint seeks declaratory relief on behalf of Plaintiffs T & K Capital, LLC and Jay Katari (collectively, "Plaintiffs").  According to the allegations of the Complaint, Defendant is a Pennsylvania limited liability company with its principal office in York, Pennsylvania.  Plaintiffs and Defendant are the only members of Keystone Clothing Recyclers, LLC, a Florida Limited Liability Company ("Keystone"). (Compl. ¶ 6.)  Plaintiffs each own one-third of a membership interest in Keystone.  (Compl. ¶ 7.)  Plaintiffs and Defendant agreed for Plaintiffs to purchase Defendant's membership interest in Keystone. (Compl. ¶ 8.)  Plaintiffs and Defendant disagree as to the value of Defendants' membership

interest. (Compl. ¶ 9.)  Plaintiffs seek declaratory relief to obtain a determination of the value for Defendant's membership interest. (Compl. ¶ 10.)

Defendant moves to dismiss the Complaint on the three bases.  First, Defendant claims that Plaintiffs do not have standing to bring this action because neither Plaintiff is a managing member of Keystone.  Second, Defendant contends that the Complaint fails to state a claim upon which relief may be granted based on the failure of the Complaint to allege facts demonstrating an actual dispute between the parties or the basis of the purported agreement to sell the shares of Keystone.  Lastly, Defendant claims that it has not been properly served with process.

II.  Discussion

This Court has an obligation to assure itself of a litigant's standing under Article III, which provides a fundamental limitation on a federal court's authority to exercise jurisdiction. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 340 (2006).  As explained by the United States Court of Appeals for the Eleventh Circuit:

> Typically, the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.  Although standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal, it often turns on the nature and source of the claim asserted.  It is not enough that the plaintiff's complaint sets forth facts from which we could imagine an injury sufficient to satisfy Article III's standing requirements, since we should not speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none. The plaintiff has the burden to clearly and specifically set forth facts sufficient to satisfy Article III standing requirements. If the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury.

Bochese v. Town of Ponce Inlet, 405 F.3d 964, 976 (11th Cir. 2005) (internal quotation marks, citations and ellipses omitted).

In support of its argument that Plaintiffs lack standing, Defendant provides Keystone's 2009 Annual Report filed with the Florida Department of State.  That report identifies the current registered agent as Plaintiff Jay Katari and lists three "managing members/managers."  These entities are Presidential Clothing Recyclers, Inc., JACAJ, Inc. and Sky Property Solutions, Inc.  Under the heading "Additions/Changes," "Lilley International, Inc." is listed as a Manager.  (Ex. C, attached to DE 6.)  Defendant has also submitted Keystone's 2008 Annual Report filed with the Florida Department of State which lists "Lilley International, Inc." as a "managing member/manager."  (Ex. B, attached to DE 6.)  Based on this evidence, Defendant seeks a ruling from the Court that Plaintiffs lack standing because neither Plaintiff is a managing member of Keystone.   Therefore, according to Defendant, Plaintiffs lack standing to bring this action.

Even assuming the Court were to take judicial notice of Keystone's Department of State filings, the Court does not find that Defendant has cast doubt on Plaintiffs' standing.  Defendant appears to be advancing an argument that Plaintiffs are unable to acquire an interest in Keystone based on their lack of status as "managing members" of Keystone. (DE 6 at 3.)  Based on the Court's reading of the Complaint, however, there is no basis to conclude that it is necessary to be a member of Keystone to acquire an interest in that entity.  Instead, based on the allegations of the Complaint, Plaintiffs' standing arises from the agreement to purchase Defendant's membership interest in Keystone. (Compl. ¶ 8.)   Thus, the Court finds that Plaintiffs have adequately met their burden to establish Article III standing.

Next, the Court rejects Defendant's argument that the Complaint must be dismissed for failure to allege the necessary facts to state a plausible basis for a declaratory judgment claim.  Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the

claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides in relevant part:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).[1] The phrase "case of actual controversy" in the Declaratory Judgment Act

---

[1] When a declaratory judgment action has been removed to federal court, it is treated as though it had been filed under the federal declaratory judgment act. See Jones v. Sears Roebuck

"refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007); see also Prasco, LLC v. Medicis Phar. Corp., 537 F.3d 1329, 1335 (Fed. Cir. 2008) ("The Declaratory Judgment Act's requirement of 'a case of actual controversy' simply affirms this Constitutional requirement, having long been interpreted as referring to any case and controversy that is justiciable under Article III.").

Article III of the United States Constitution restricts federal judicial power to the adjudication of cases or controversies. U.S. Const. art. III, § 2.  Hence, as long as a claim "meets the case or controversy requirement of Article III, a district court may have jurisdiction over a declaratory judgment action." MedImmune, 549 U.S. at 127.  In MedImmune, the Supreme Court reaffirmed the basic principle for determining whether a declaratory judgment claim satisfies the "case of actual controversy" requirement.  Courts must determine "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" 549 U.S. at 127 (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, (1941)).  The MedImmune Court emphasized that the dispute must be "'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive

---

and Co., 301 Fed. Appx. 276, 281 n.12 (4th Cir. 2008); Chapman v. Clarendon National Ins. Co., 299 F. Supp. 2d 559, 563 (E.D. Va. 2004). Declaratory judgment acts are procedural in nature and, thus under the Erie doctrine, this Court must apply federal procedural law.  See Haagen-Dazs Shoppe Co., Inc. v. Born, 897 F. Supp. 122, 126 n.2 (S.D.N.Y.1995) citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' " Id. at 127 (quoting Aetna Life Ins. Co., v. Haworth, 300 U.S. 227, 240-41 (1937)).

Here, the Complaint alleges that the parties entered into an agreement to purchase Defendant's membership interest in Keystone and that the parties disagree as to the value of Defendant's membership interest. (Compl. ¶¶ 8-9.) Based on these allegations, there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

That stated, the Court finds that the Complaint must be amended to allow for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  The Complaint lacks allegations detailing the essential terms of the agreement allegedly entered into by the parties.  For example, the Complaint does not provide any information regarding *any* terms of the agreement, including how the price of Defendant's membership in Keystone is to be determined.  Therefore, Plaintiffs must amend the Complaint to allege the essential terms of the agreement.  Cf.  Nichols v. Hartford Ins. Co. of the Midwest, 834 So. 2d 217, 219 (Fla. Dist. Ct. App. 2002) ("The definition of 'essential term' varies widely according to the nature and complexity of each transaction and is evaluated on a case-by-case basis.").

Finally, the Court will address Defendant's motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  According to the evidence submitted by Defendant, Mr. Jonathan Lilley, the sole member of Defendant Lilley International, LLC, was not personally served with the Complaint, did not receive any registered or certified mail enclosing a summons or complaint, and was not notified by Plaintiffs that an

6

action was commenced or a request that Defendant waive service of summons. (Lilley Aff. ¶¶ 5-7, attached to DE 6.)  Defendant also states in its brief that Plaintiffs attempted to serve Defendant by leaving a copy of the Complaint at Defendant's UPS store. (DE 6 at 6.)

In response, Plaintiff provides the return of service which states that the server "left copies" at 2159 White Street, York, Pennsylvania with "Rebecca Stayman." (Return of Service, DE 10-2.)  In reply, Defendant argues that it is Plaintiffs' burden to demonstrate that Ms. Stayman is an authorized agent of Defendant and that the registered office is the regular place of business contemplated for purposes of service of original process.[2] (DE 13 at 7-8.)

Rule 4(h) of the Federal Rules of Civil Procedure provide in relevant part as follows:

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served:

(1) in a judicial district of the United States:
(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).

Rule 4(e)(1) states:

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general

---

[2] The Pennsylvania Department of State business entity filing shows that the registered office address for Defendant is 2180 White Street, York, Pennsylvania. (Business Entity Filing, DE 10-1.)  Plaintiffs state that the 2180 White Street address was a UPS store, which relocated across the street to 2159 White Street. (DE 10 at 6.)  Defendant does not challenge that its registered office is at the UPS store at 2159 White Street in York, Pennsylvania.  (DE 13 at 7.)

jurisdiction in the state where the district court is located or where service is made

Fed. R. Civ. P. 4(e)(1).

Pennsylvania state law provides as follows:

Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:

(1) an executive officer, partner or trustee of the corporation or similar entity, or
(2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

*Note*: Substituted service pursuant to Rule 402(a)(2) upon a corporation or similar entity is not permitted by this rule.

Pa.R.Civ.P. 424.

The purpose of Rule 424 of the Pennsylvania Rule of Civil Procedure is "to satisfy the due process requirement that a defendant be given adequate notice that litigation has commenced." Just Enterprises, Inc. v. O'Malley & Langan, P.C., 560 F. Supp. 2d 345, 352 (M.D. Pa. 2008). The burden is on the plaintiff to show that service has been made upon a proper agent of the corporation. Hemmerich Industries, Inc. v. Moss Brown & Co., Inc., 114 F.R.D. 31, 32 (E.D. Pa. 1987); see also Furin v. Reese Teleservices, Inc., No. 2:07cv1542, 2008 WL 5068955, at * 1 (W.D. Pa. Nov. 24, 2008) ("the plaintiff bears the burden of proffering a competent basis to show an authorized agent of the defendant has received the complaint and offering proof that a mail clerk or receptionist signed for the package 'offers no proof that the signatures belong to the defendant's authorized agents.'"); Scanlin v. TD Waterhouse, Inc., No. 4:05-CV-02458, 2006 WL 1724565, at * 2 (M.D. Pa. June 19, 2006) ("Where the plaintiff has not offered proof that the

signatures belong to an 'authorized agent' of the defendant, and where there is no way to discern the identity of the signer, a mailing does not constitute effective service under Pennsylvania law.").

Here, Plaintiffs served an individual by the name "Rebecca Stayman," but they have not met their burden and provided the Court with any competent evidence to conclude that Ms. Stayman is a proper person to accept service under Pennsylvania law.  In other words, Plaintiffs have not shown that Ms. Stayman is an executive officer, partner or trustee of Defendant or that she is a manager, clerk or other person in charge of Defendant, or an agent authorized by Defendant in writing to receive service of process for it.  See Pa. R. Civ. P. 424.  Based on the foregoing, the Court finds that service must be quashed.  Plaintiffs may either provide record evidence that Rebecca Stayman is an authorized person to receive service of process or attempt to re-serve Defendant within 60 days of the date of entry of this Order.[3]

---

[3] The Court directs Plaintiffs to the Official Comment to 15 Pa.C.S.A. § 8906 which states in part:

> The only purpose of the registered office location of a limited liability company under Chapter 89 is to determine venue in actions involving the company . . .
>
> It is not intended that a bare registered office necessarily constitutes the type of regular place of business contemplated by Pa.R.C.P. 424(2) for purposes of service of process. For example, if a company fails to pay the renewal fees of an agent for the provision of registered office service, the agent may file a statement of change of registered office by agent under 15 Pa.C.S. § 108, terminating its status as agent, and thereafter the former agent will "not have any responsibility with respect to matters tendered to the office" in the name of the company. In view of this possibility, it is assumed that a plaintiff will ordinarily make service on the actual principal place of business of the company, wherever situated, in order to minimize the risk of due process defects in the validity of any resulting judgment.

Official Comment to 15 Pa.C.S.A. § 8906

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that  Defendant Lilley International LLC's Motion to Dismiss the Complaint (DE 6) is **GRANTED IN PART AND DENIED IN PART.**  Plaintiffs shall file an Amended Complaint consistent with the directives of this Order within 10 days of the date of entry of this Order.  Unless Plaintiffs can provide record evidence that Rebecca Stayman is an authorized person to accept service of process, service shall be perfected within 60 days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of May, 2010.

KENNETH A. MARRA
United States District Judge